IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK ALAN LANE,

        Petitioner,

v.

FEATHERS, Warden, FCI Sheridan,

        Respondent.

Case No. 3:12-cv-02360-PA

OPINION AND ORDER

    Mark Alan Lane
    06503-028
    Federal Correctional Institution
    P.O. Box 5000
    Sheridan, OR 97378

        Petitioner, *Pro Se*

    S. Amanda Marshall
    United States Attorney
    Natalie Wight, Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorneys for Respondent

  1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the loss of 27-days of Good Conduct Time ("GCT") following a prison disciplinary hearing on December 23, 2008. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

Petitioner was previously housed at the United States Penitentiary in Atlanta, Georgia, where he was given an incident report for violation of Bureau of Prisons ("BOP") Code 203 for "Threatening Another with Bodily Harm." According to the Incident Report, the charge was based upon an incident report authored by Case Management Coordinator M.L. Mowrey:

> On December 16, 2008, at 10:20 a.m., I opened an electronic mail message forwarded from Central Office regarding an Administrative Remedy Appeal filed by Mark Alan Lane, #06503-028. The attachment received included the Central Office Administrative Remedy Appeal form, and two handwritten notes from Lane. It reads "I don't think my judgment and commitment was 'verified' I'm going to be my Life! Are you willing to bet a Guards Life?" This communication relays intent to inflict physical or other harm on any occasion.

Declaration of James Moran, p. 3.

The Disciplinary Hearings Officer ("DHO") conducted a hearing and found petitioner guilty of the charged offense. As a result, the DHO ordered petitioner to forfeit 27 days of GCT, imposed 30

2 - OPINION AND ORDER

days of disciplinary segregation, and took away petitioner's telephone privileges for 180 days. *Id* at 4.

Petitioner filed this habeas corpus action on December 28, 2012 alleging that the DHO violated his right to due process by finding him guilty of the charged offense in the absence of any evidence.

## DISCUSSION

According to petitioner, the DHO convicted him of the charged offense in violation of his right to substantive due process.[1] In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court held that due process during a prison disciplinary hearing requires that "some evidence" exist to support the findings made during such a hearing. *Id* at 455. Petitioner will prevail if the record in this case is "so devoid of evidence that the findings of the . . . [DHO] were without support or otherwise arbitrary." *Id* at 457.

The DHO filled out report in the wake of petitioner's hearing in which he provided the specific evidence he relied upon to support his findings:

> The reporting officer stated that on 12-16-08 she opened an email forwarded from the central office in which they attached an informal resolution from you. In the informal resolution you wrote "I am willing to bet my life. Are you willing to bet a guard's life?"

---

[1] The Petition does not allege a violation of petitioner's right to procedural due process.

3 - OPINION AND ORDER

> You denied that this statement was a threat. You stated you were trying to let "them" know that you were serious about what you were doing. Although you stated this was not a threat, you could present no reason or excuse for using this particular language. When asked by the DHO why you chose this statement, you merely stated that you wanted "them" to know you were serious.
>
> It is apparent you made this statement in an attempt to get someone's attention. This statement was perceived as a serious threat of harm to staff. The [D]HO gave greater weight to the reporting officer's account of the incident, the hand written statement by you, and your confirmation that you wrote the statement.

Moran Declaration, Att. 5, p. 2.

Petitioner argues that the record is insufficient to support a conviction for Threatening Another with Bodily Injury pursuant to Code 203 because: (1) the email containing the offending language does not constitute proof that Mowrey witnessed a communication to another "person"; (2) the email simply asked a question, and thus cannot constitute a threat; and (3) a Code 203 violation requires that a threat of bodily harm be made to a specific person.

According to the DHO, "[f]or an inmate to be charged with Disciplinary Code 203, a specifically named victim is not required." Moran Declaration, p. 3. "An agency's interpretation of the meaning of its own regulations is entitled to deference unless plainly erroneous or inconsistent with the regulation." *National Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 672 (2007). Consequently, petitioner's arguments that he did

4 - OPINION AND ORDER

not direct his threat toward a particular person such that he is innocent of any wrongdoing is unavailing. Moreover, petitioner's contention that a question cannot constitute a threat amounts to a frivolous argument.

It is clear from the record that there was at least "some evidence" to support the DHO's finding of guilt in petitioner's prison disciplinary hearing. Accordingly, relief on the Petition is denied.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied.

IT IS SO ORDERED.

DATED this 27 day of March, 2013.

                                                                                              Owen M. Panner
                                                                                             United States District Judge

5 - OPINION AND ORDER