IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK ALAN LANE,

                                 Case No. 3:12-cv-02360-PA

        Petitioner,

    v.

FEATHERS, Warden, FCI Sheridan,

                              OPINION AND ORDER

        Respondent.

Mark Alan Lane
06503-028
Federal Correctional Institution
P.O. Box 5000
Sheridan, OR 97378

        Petitioner, *Pro Se*

S. Amanda Marshall
United States Attorney
Natalie Wight, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

        Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28
U.S.C. § 2241 challenging the loss of 27-days of Good Conduct Time
("GCT") following a prison disciplinary hearing on December 23,
2008. For the reasons that follow, the Petition for Writ of Habeas
Corpus (#2) is denied.

## BACKGROUND

Petitioner was previously housed at the United States
Penitentiary in Atlanta, Georgia, where he was given an incident
report for violation of Bureau of Prisons ("BOP") Code 203 for
"Threatening Another with Bodily Harm." According to the Incident
Report, the charge was based upon an incident report authored by
Case Management Coordinator M.L. Mowrey:

> On December 16, 2008, at 10:20 a.m., I opened
> an electronic mail message forwarded from
> Central Office regarding an Administrative
> Remedy Appeal filed by Mark Alan Lane, #06503-
> 028. The attachment received included the
> Central Office Administrative Remedy Appeal
> form, and two handwritten notes from Lane. It
> reads "I don't think my judgment and
> commitment was 'verified' I'm going to be my
> Life! Are you willing to bet a Guards Life?"
> This communication relays intent to inflict
> physical or other harm on any occasion.

Declaration of James Moran, p. 3.

The Disciplinary Hearings Officer ("DHO") conducted a hearing
and found petitioner guilty of the charged offense. As a result,
the DHO ordered petitioner to forfeit 27 days of GCT, imposed 30

2 - OPINION AND ORDER

days of disciplinary segregation, and took away petitioner's telephone privileges for 180 days. *Id* at 4.

Petitioner filed this habeas corpus action on December 28, 2012 alleging that the DHO violated his right to due process by finding him guilty of the charged offense in the absence of any evidence.

## DISCUSSION

According to petitioner, the DHO convicted him of the charged offense in violation of his right to substantive due process.[1]  In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court held that due process during a prison disciplinary hearing requires that "some evidence" exist to support the findings made during such a hearing. *Id* at 455. Petitioner will prevail if the record in this case is "so devoid of evidence that the findings of the . . . [DHO] were without support or otherwise arbitrary." *Id* at 457.

The DHO filled out report in the wake of petitioner's hearing in which he provided the specific evidence he relied upon to support his findings:

> The reporting officer stated that on 12-16-08 she opened an email forwarded from the central office in which they attached an informal resolution from you.   In the informal resolution you wrote "I am willing to bet my life. Are you willing to bet a guard's life?"

---

[1]  The Petition does not allege a violation of petitioner's right to procedural due process.

3 - OPINION AND ORDER

You denied that this statement was a threat.
You stated you were trying to let "them" know
that you were serious about what you were
doing.    Although you stated this was not a
threat, you could present no reason or excuse
for using this particular language.    When
asked by the DHO why you chose this statement,
you merely stated that you wanted "them" to
know you were serious.

It is apparent you made this statement in an
attempt to get someone's attention.    This
statement was perceived as a serious threat of
harm to staff.    The [D]HO gave greater weight
to the reporting officer's account of the
incident, the hand written statement by you,
and your confirmation that you wrote the
statement.

Moran Declaration, Att. 5, p. 2.

Petitioner argues that the record is insufficient to support

a conviction for Threatening Another with Bodily Injury pursuant to

Code 203 because: (1) the email containing the offending language

does not constitute proof that Mowrey witnessed a communication to

another "person"; (2) the email simply asked a question, and thus

cannot constitute a threat; and (3) a Code 203 violation requires

that a threat of bodily harm be made to a specific person.

According to the DHO, "[f]or an inmate to be charged with

Disciplinary Code 203, a specifically named victim is not

required."   Moran Declaration, p. 3.   "An agency's interpretation

of the meaning of its own regulations is entitled to deference

unless plainly erroneous or inconsistent with the regulation."

*National Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S.

644, 672 (2007).   Consequently, petitioner's arguments that he did

4 - OPINION AND ORDER

not direct his threat toward a particular person such that he is innocent of any wrongdoing is unavailing. Moreover, petitioner's contention that a question cannot constitute a threat amounts to a frivolous argument.

It is clear from the record that there was at least "some evidence" to support the DHO's finding of guilt in petitioner's prison disciplinary hearing. Accordingly, relief on the Petition is denied.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied.

IT IS SO ORDERED.

DATED this __21__ day of March, 2013.

Owen M. Panner
United States District Judge

5 - OPINION AND ORDER